IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LINDA GONZALES,

        Plaintiff,

vs.                              Case No. 11-2444-JTM

ULTRA-CHEM, INC., AND DAVE MITCHELL,

        Defendants.

MEMORANDUM AND ORDER

Before the court is defendants' Motion to Dismiss Count II for Failure to State a Claim (Dkt. No. 7). Plaintiff filed suit against defendants alleging sexual harassment and sexual discrimination in violation of Title VII and common law battery. In this motion, defendants seek to dismiss plaintiff's battery claim arguing it is barred by the exclusivity provision of the Kansas Workers Compensation Act (KWCA). For the following reasons, the court denies the motion.

**I. Facts**

As alleged in the Complaint, the facts are as follows. Plaintiff, Linda Gonzales, began working for Ultra-Chem, Inc., (Ultra-Chem) on September 8, 2009, as a sales representative at its Shawnee Mission, Kansas facility. At all relevant times, Dave Mitchell, a male, was an employee at Ultra-Chem and plaintiff's immediate supervisor. The following facts relate specifically to plaintiff's battery claim in Count II:

    29. Mitchell stood over Plaintiff while Plaintiff was at her desk and brushed his hand

up and down Plaintiff's shoulder and arm several times.
30. Plaintiff asked Mitchell not to invade her personal space and Mitchell walked away.
31. Mitchell put his hands on Plaintiff's shoulders near her neck while he was standing behind her.
32. Mitchell rubbed Plaintiff's thigh.
33. Management employee Tammy Gehrs witnessed Mitchell rub Plaintiff's thigh.
34. Management employee Tammy Gehrs asked Plaintiff: "Did he just rub your leg?"
35. Plaintiff made a complaint to V.P. Cam Cravens about Mitchell's propensity for touching her.
36. Mitchell then came to Plaintiff's desk, gave her numbers and rubbed his hand over her shoulders and through her hair.

. . .

41. Mitchell continued to touch Plaintiff in a manner that was offensive and intimidating to Plaintiff until she resigned on or about October 1, 2010.

. . .

54. During Plaintiff's employment and while she was performing responsibilities associated with her employment, Defendant Mitchell intentionally touched Plaintiff's shoulders, back, waist, hair and thigh in an offensive and intimidating manner.
55. As a direct and proximate result of Defendant Mitchell's intentional acts, Plaintiff sustained bodily injuries, physical pain, and mental suffering, including humiliation and indignity.

Dkt. No. 1.


**II. Legal Standard: 12(b)(6)**

Fed. R. Civ. P. 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must give the defendant adequate notice of what the plaintiff's claim is and the grounds of that claim. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). This simplified notice pleading rule is justified because of the liberal discovery rules and availability of summary judgment to dispose of unmeritorious claims.

*Id.*

"In reviewing a motion to dismiss, this court must look for plausibility in the complaint . . . . Under this standard, a complaint must include 'enough facts to state a claim to relief that is plausible on its face.'" *Corder v. Lewis Palmer Sch. Dist No. 38*, 566 F.3d 1219, 1223-24 (10th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[1] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (clarifying and affirming *Twombly's* probability standard). Allegations that raise the specter of mere speculation are not enough. *Corder*, 566 F.3d at 1223-24. The court must assume that all allegations in the complaint are true. *Iqbal*, 129 S. Ct. at 1936-37. "The issue in resolving a motion such as this is 'not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims.'" *Bean v. Norman*, No. 008-2422, 2010 WL 420057, at *2 (D. Kan. Jan. 29, 2010) (quoting *Swierkiewicz*, 534 U.S. at 511). The Tenth Circuit utilizes a two-step process when analyzing a motion to dismiss. *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009). First, the court must identify conclusory allegations not entitled to the assumption of truth. *Id.* Second, the court must determine whether the remaining factual allegations plausibly suggest the plaintiff is entitled to relief. *Id.*

## III. Analysis

Defendants argue plaintiff's battery claim is precluded by the KWCA which provides the

---

[1] The prior standard under *Conley v. Gibson*, allowed dismissal only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355, U.S. 41, 45-46 (1957). In *Bell Atlantic Corp., v. Twombly*, the Supreme Court made clear that the *Conley* standard has "earned its retirement." 550 U.S. 544, 562-63 (2007).

exclusive remedy for an employee seeking damages against her employer for physical injury caused by a coworker during the course of and in the scope of employment. Plaintiff argues her battery claim under the facts of this case is not barred under the exclusivity provision of the KWCA.

The exclusivity provision provides:

> Except as provided in the workers compensation act, no employer, or other employee of such employer, shall be liable for any injury for which compensation is recoverable under the workers compensation act nor shall an employer be liable to any third party for any injury or death of an employee which was caused under circumstances creating a legal liability against a third party and for which workers compensation is payable by such employer.

KAN. STAT. ANN. § 44-501(b).[2] The Kansas Supreme Court has emphasized the provisions of the KWCA are to be "liberally construed for the purpose of bringing a worker under the Act whether or not desirable for the specific individual's circumstances." *Bright v. Cargill, Inc.*, 251 Kan. 387, 393, 837 P.2d 348, 355 (1992) (citing *Zehring v. Wickham*, 232 Kan. 704, 706, 658 P.2d 1004 (1983)). The provisions of the act apply impartially to both employers and employees. KAN. STAT. ANN. § 44-501(g).

It is clear "that physical injuries resulting from a job-related assault and battery are compensable under the KWCA." *Bernard v. Doskocil Cos., Inc.*, 861 F. Supp. 1006, 1012 (D. Kan. 1994); *see also Brannum v. Spring Lakes Country Club, Inc.*, 203 Kan. 658, 668, 455 P.2d 546, 554 (1969) ("Where a supervisor is, without cause, assaulted by a subordinate employee who is

---

[2]The Kansas Workers Compensation Act was amended by 2011 KAN. SESS. LAWS 55, however, the exclusivity provision remains substantively unchanged. The revised exclusivity provision provides:
> Except as provided in the workers compensation act, no employer, or other employee of such employer, shall be liable for any injury, whether by accident, repetitive trauma, or occupational disease, for which compensation is recoverable under the workers compensation act nor shall an employer be liable to any third party for any injury or death of an employee which was caused under circumstances creating a legal liability against a third party and for which workers compensation is payable by such employer.

H.B. 2134, 84TH LEG., 2011 REG. SESS. (Kan. 2011).

4

disgruntled over conditions of work imposed upon him by the supervisor in the discharge of his duties, the injury to the supervisor arises out of the course of his employment within the meaning of the workmen's compensation act."); *Springston v. IML Freight, Inc.*, 10 Kan. App.2d 501, 704 P.2d 394 (1985). Additionally, mental injuries directly traceable to a physical injury are also covered under the Act. *See Beam v. Concord Hospitality, Inc.*, 873 F. Supp. 491, 498 (D. Kan. 1994) ("'Mental injuries, however, are not 'personal injuries' within the meaning of the KWCA unless they follow and can be directly traced to a physical injury.'") (quoting *Bernard*, 861 F. Supp. 1012). *Compare Followill v. Emerson Electric Co.*, 234 Kan. 791, Syl., 674 P.2d 1050 (1984) ("Absent some physical injury, purely mental disorders or injuries sustained by an employee, though arising by accident and out of and in the course of employment, are not compensable personal injuries under the Kansas Workmen's Compensation Act."), *with Adamson v. Davis Moore Datsun, Inc.*, 19 Kan. App.2d 301, 308, 868 P.2d 546, 551 (1994) ("'It is firmly established in this jurisdiction that traumatic neurosis, following physical injury and shown to be directly traceable to the injury, is compensable under the Workmen's Compensation Act.'") (quoting *Berger v. Hahner, Foreman & Cale, Inc.*, 211 Kan. 541, 544, 506 P.2d 1175, 1178 (1973)).

"Intentional torts that produce a *physical injury*, within the meaning of the Workers' Compensation Act, are covered by the Act. However, injuries suffered as a result of intentional torts such as assault or false imprisonment are not necessarily physical in nature, and therefore would not be compensable under the Workers' Compensation Act. Consequently, the workers' compensation scheme is not the exclusive remedy for 'all' intentional torts committed by coworkers." *Beam*, 873 F. Supp. at 498-99 (emphasis in original) (internal footnotes omitted). "If the essence of the tort, in law, is non-physical, and if the injuries are of the usual non-physical sort, with physical injury being

5

at most added to the list of injuries as a make weight, the suit should not be barred." *Gallardo v. Bd. of County Comm'rs of Kearny County, Kan.*, 885 F. Supp. 236, 237 (D. Kan. 1995) (quoting 2A LARSON, LAW OF WORKMEN'S COMPENSATION § 64.45(a), at 13-180 (1993)).

The issue here is whether plaintiff's battery claim is covered under the KWCA. Under Kansas law, battery is defined as "the unprivileged touching or striking of one person by another, done with the intent of bringing about either a contact or an apprehension of contact, that is harmful or offensive." *Baska v. Scherzer*, 283 Kan. 750, 756, 156 P.3d 617, 622 (2007) (citations omitted). Kansas law makes clear that a claim for battery can include a harmful or offensive contact that does not produce physical injury. *See id.* If plaintiff's battery claim is essentially predicated on physical injury or a mental injury directly following from a physical one her claim is covered under the KWCA and is barred. Thus, the court must determine the nature of plaintiff's battery claim.

In her Complaint, plaintiff alleges she "sustained bodily injuries, physical pain, and mental suffering, including humiliation and indignity." Dkt. No. 1, pg. 7. Defendant immediately seizes on the "bodily injuries" and "physical pain" language to conclude plaintiff's battery claim is barred by the KWCA. It is true that, to the extent plaintiff seeks damages on her battery claim for physical injury (or mental injury stemming from physical injury), her claim is barred. However, this language alone does not resolve the issue. Upon closer examination, plaintiff's claim is essentially one based on several instances of offensive contact with defendant Mitchell. Specifically, plaintiff claims Mitchell rubbed her shoulders more than once, put his hands on her thigh, and ran his hands through her hair. Plaintiff does not contend Mitchell caused her physical pain resulting from these contacts. Rather, plaintiff contends the touching was "offensive and intimidating." *See* Dkt. No. 1.

Plaintiff cites a recent case from the district discussing this issue under similar factual

6

circumstances. *See Kochsmeier v. H.I.T., Inc.*, No. 10-2062 (D. Kan. May 17, 2010). The plaintiff in *Kochsmeier* brought suit for, among other things, common law battery based on the conduct of a coworker. Specifically, she alleged the coworker "intentionally grabbed and slapped her buttocks" and "would grab Plaintiff and press himself against her breasts." *Id.* at 5. The defendant sought dismissal of her battery claim, arguing it was barred by the exclusivity provision of the KWCA. In finding for the plaintiff, the court stated:

> Although battery can certainly include a predominantly physical injury, the legal definition of the claim requires only "contact or apprehension of contact, that is harmful or offensive." *Id.* Thus, Kansas law contemplates non-physical injuries, or indeed even the mere apprehension of a non-physical injury, that would satisfy the elements of a battery claim. And although Ms. Kochsmeier seeks damages for "bodily injuries, physical pain, and mental suffering, including humiliation and indignity," her particular battery claim seems to focus primarily on the offensive nature of the contact rather than on physical injury, particularly given the context of the alleged sexually harassing environment.
> For these reasons, the KWCA is not the exclusive remedy for Ms. Kochsmeier's battery claim, and her claim may go forward in this court.

*Id.*

The court's opinion in *Kochsmeier* is persuasive. The KWCA exclusivity provision concerns itself primarily with physical injury. Under Kansas law, a battery claim may exist absent physical injury and, thus, would not be covered under the KWCA. Given the nature of plaintiff's battery claim, the court finds it is one focusing on the offensive nature of the contact rather than one causing physical injury. As such, plaintiff's battery claim is not barred by the KWCA.

Defendants rely primarily on two cases to support their position that the KWCA prevents plaintiff from recovering damages for battery. First, defendants cite *Bernard* to establish physical injuries resulting from a job-related assault or battery are compensable under the KWCA, and not compensable in a separate civil suit. *See* 861 F. Supp. at 1012. In *Bernard*, the plaintiff suffered a

physical injury to his buttocks when he sat down on a tungsten welding tip protruding vertically from his chair. *Id.* at 1009. The court found that because the plaintiff had clearly suffered a physical injury during the course of his employment the injury was compensable under the KWCA. As such, his battery claim was barred. *Id.* at 1012-13. Because the battery claim here involves no physical injury, *Bernard's* application is limited.

Second, plaintiff cites the Kansas Court of Appeals' decision in *Frye v. Mel Hambelton Ford, Inc.*, 1990 Kan. App. LEXIS 399 (1990). In *Frye*, the plaintiff brought suit against the defendant for battery and negligence when a coworker struck her while they were working on defendant's premises. Defendant sought summary judgment on the battery claim arguing it was barred under the exclusivity provision of the KWCA. In discussing the plaintiff's battery claim the court stated:

> Frye does not claim physical injuries and alleges she has the right to recover from non-physical harms. She also argues that, although she filed a workers compensation claim, the act of filing such claim is not determinative of whether she is claiming compensable injuries.
> Professor Larson does recognize that torts which result in no physical injury, such as false imprisonment, libel, malicious prosecution, invasion of right of privacy, fraud, deceit, and intentional infliction of emotional distress are not subject to the exclusive remedy provisions in workers compensation acts. 2A LARSON'S WORKMEN'S COMPENSATION LAW § 68.30, p. 13-85. None of these tort actions are herein involved.
> Frye was struck by Moore and, if she suffered any physical injury and emotional distress resulting therefrom, workers compensation benefits are her exclusive remedy. If she is not injured, she has no claim of any nature whatsoever.

*Id.* at *3-4. The holding in *Frye* does not control the result in this case. *Frye* concerned a physical blow to plaintiff. The plaintiff, however, relied on the blow to prove physical injury; she did not allege a physical contact that was offensive, yet caused no injury. *Id.* Thus, the court found the exclusivity provision applicable if plaintiff was injured and found her claim wholly unactionable if

she was not injured. *Id.* Here, plaintiff's battery claim involves a physical touching without physical injury. Battery claims of this sort, as recognized in *Beam* and *Kochsmeier*, are not barred by the exclusivity provision. Therefore, *Frye* is inapplicable.

Last, defendant argues that battery, by definition, is a tort that is physical in essence and, thereby, covered under the KWCA. This statement is only partially accurate. While a battery must include a physical contact, it need not consist of a physical contact which causes injury. Battery claims may be premised on a physical touching that is offensive even though not physically injurious. *See Baska*, 156 P.3d at 622. To the extent plaintiff's battery claim is predicated on a offensive contact that caused no injury, it may proceed. However, plaintiff may not pursue her battery theory based on a physical injury as such a claim is precluded under the exclusivity provision of the KWCA.

IT IS ACCORDINGLY ORDERED this 28th day of October 2011, that defendants' Motion to Dismiss Count II for Failure to State a Claim (Dkt. No. 7) is denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE